UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA SIEGEL BELANGER and<br>DEVORA C. KAISER,<br><br>Plaintiffs,<br><br>v.<br><br>BNY MELLON ASSET MANAGEMENT,<br>LLC, et al.,<br><br>Defendants. | Civil Action No. 15-cv-10198-ADB |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

April 2, 2015

BURROUGHS, D.J.

Plaintiffs Lisa Siegel Belanger and Devora C. Kaiser ("plaintiffs") filed their Complaint in this action on February 12, 2015 [Docket No. 1]. The Complaint is 462 pages long and contains 2767 numbered paragraphs. Plaintiffs attached 393 separate exhibits to their Complaint, which were filed with the Court and served on the defendants via multiple CD-ROMs [Docket No. 4]. The Complaint names forty defendants, including individual attorneys, law firms, and other private companies, several doctors and hospitals, an elder services organization, and the Commonwealth of Massachusetts.

At this juncture, the Court will not attempt to ascertain or recite the full extent of the Complaint's factual allegations and legal claims for relief. Suffice it to say that plaintiffs, the two daughters of Marvin H. Siegel, appear to be dissatisfied with proceedings in the Massachusetts Probate Court involving their 86-year-old father. See [Docket No. 1, ¶¶ 8, 21, 43]; see generally Belanger v. Cuffe, 464 Mass. 1016 (2013). The Complaint alleges a vast conspiracy and criminal enterprise allegedly perpetrated by the Massachusetts Probate & Family Courts, along with other alleged wrongdoings by the courts and the other defendants. Plaintiffs set forth 28

separate counts for relief, including but not limited to civil RICO claims, claims for fraud, misrepresentation, embezzlement, violations of 42 U.S.C. § 1983 and § 1985, abuse of process, and intentional infliction of emotional distress. Plaintiffs also seek declaratory relief, including the invalidation of various Massachusetts state statutes on federal Constitutional grounds.

Presently before the Court are motions to dismiss filed by (1) Thomas Barbar, James Feld, Robert Ledoux, and Cheri Myette [Docket No. 7][1]; (2) BNY Mellon Asset Management, LLC [Docket No. 42]; and (3) Maxa Berid and Berid & Schutzbank, LLC [Docket No. 67]. These defendants have moved to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 41(b), citing plaintiffs' failure to comply with various Federal Rules of Civil Procedure ("FRCP"), including FRCP 8 ("General Rules of Pleading"), FRCP 10 ("Form of Pleading") and FRCP 11 ("Signing Pleadings"). Most significantly, defendants argue that the Complaint fails to satisfy FRCP 8(a), which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and FRCP 8(d), which requires each allegation to be "simple, concise, and direct." Plaintiffs filed a Joint Opposition to these motions to dismiss on March 25, 2015 [Docket No. 69].[2] After reviewing defendants'

---

[1] Defendant Brian Cuffe had previously joined with these defendants in the Motion to Dismiss, but he has since withdrawn from the motion [Docket No. 73] and filed a separate Motion to Strike [Docket No. 70].

[2] The Court recognizes that other defendants have also filed motions to dismiss, including the Commonwealth of Massachusetts [Docket No. 49], Walter Costello, Jr., Marsha Kazarosian, and Kazarosian Costello, O'Donnell LLP [Docket No. 53]; Peter W. Cohen [Docket No. 55]; Scott Dailey, Elder Services of Merrimack Valley Inc., Diane Powell, and Michael Springman [Docket No. 66]; Burns & Levinson, LLP, Laura R. Studen, and Lisa M. Cukier [Docket No. 76]; Pierce & Mandell PC [Docket No. 80]; Robert Portney [Docket No. 81]; Kenney Enterprises and Brenda Wojick [Docket No. 82] and Beverly Hospital [Docket No. 84]. The Court will not specifically rule on these motions, or Mr. Cuffe's Motion to Strike [Docket No. 70], as plaintiffs' responses have not been filed. However, the Court's Order dismissing plaintiffs' Complaint and requiring plaintiffs to file an Amended Complaint is applicable to these motions as well. These motions will be denied as moot, but, if warranted, Defendants may renew their motions to dismiss and/or motions to strike after plaintiffs file an Amended Complaint.

2

motions and memoranda, and plaintiffs' Joint Opposition, the defendants' motions to dismiss plaintiffs' Complaint are allowed.[3]

FRCP 8(a)(2) requires that any pleading stating a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(d), captioned "Pleading to Be Concise and Direct," further provides that "each allegation must be simple, concise, and direct." The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). "The statement of the claim should be short because 'unnecessary length places an unjustified burden on the court and on the party who must respond to it.'" Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc., C.A. No. 12-11121, 2014 WL 4656503 (D. Mass. Aug. 5, 2014) (citation omitted) (adopting Report & Recommendation); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, 709 (3d ed.) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.").

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). "'Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised,'" such that it would be "unreasonable to expect defendants to frame a response to it." Sayied v.

---

[3] Plaintiffs, as well as defendants Feld, Ledoux, Myette, Barbar, Maxa Berid, Berid & Schutzbank, LLC, and Beverly Hospital, have requested oral argument on these motions to dismiss. The Court has determined that oral argument is not necessary or helpful to resolving these motions, and therefore the parties' requests for oral argument are denied.

White, 89 Fed. App'x 284 (1st Cir. 2004) (alteration in original) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)); see also Jackson v. Polaroid Corp., 181 F.3d 79 (1st Cir. 1999) (affirming dismissal of "long and redundant" 350-paragraph complaint for noncompliance with FRCP 8); Youngworth v. Gentile, No. C.A. 05-30108, 2006 WL 516757 (D. Mass. Feb. 27, 2006) (dismissing complaint containing "hundreds of assertions" and presented in "a rambling, discursive essay form," without prejudice to filing an amended pleading in compliance with the Federal Rules).

Here, plaintiffs' 462-page Complaint, along with its 393 Exhibits, is a far cry from "short and plain" and "simple, concise and direct." The Complaint is replete with rambling, incoherent allegations, inappropriate legal argument, and swaths of irrelevant background material and exhibits. It is way too long, detailed and verbose for either the Court or the defendants to sort out the nature of the claims or evaluate whether the claims are actually supported by any comprehensible factual basis. Plaintiffs argue that the length of their Complaint is "entirely appropriate and reasonable given the number of claims made by plaintiffs," and by the "amount of incontrovertible evidence that Plaintiffs have amassed in this case . . . ." [Docket No. 69, p. 13, ¶55]. The Court disagrees. A pleading is not an appropriate vehicle for aggregating masses of evidence or advancing premature legal arguments. This would undermine the requirement that a pleading contain a "short and plain statement of the claim," and that the allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(a), 8(d).

For the foregoing reasons, the defendants' motions to dismiss plaintiffs' Complaint [Docket Nos. 7, 42, and 67] are ALLOWED, and plaintiffs' Complaint is hereby DISMISSED, without prejudice. Plaintiffs may file an Amended Complaint that complies with all pleading

standards of FRCP 8, 9, 10[4], and 11 within twenty-one (21) days from the date of this Order. The other pending motions to dismiss or strike [Docket Nos. 49, 53, 55, 66, 70, 76, 80, 81, 82 and 84] are DENIED as MOOT with leave to renew following the filing of an Amended Complaint.

When drafting their Amended Complaint, plaintiffs are strongly advised to (1) reduce or eliminate their reliance on exhibits attached to their pleading; (2) excise legal arguments from their pleading; and (3) *significantly* condense the factual allegations supporting their claims for relief. Plaintiffs are reminded that the First Circuit has affirmed the dismissal of complaints far more succinct than the 462-page, 2767-paragraph manifesto presently before the Court. See Jackson v. Polaroid, 181 F.3d 79 (1st Cir. 1999) (finding no abuse of discretion where district court dismissed 180-page complaint with over 350 paragraphs and 80 plus counts); Kuehl v. F.D.I.C., 8 F.3d 905, 907-909 (1st Cir. 1993) (finding no abuse of discretion where district court dismissed 43-page, 358-paragraph amended complaint with prejudice, for failure to comply with Rule 8 and district court's order). The Court further notes that Ms. Belanger, who is representing both herself and Ms. Kaiser in this action, is an attorney admitted to practice law in the Commonwealth of Massachusetts and before this Court. Thus, when reviewing plaintiffs' Amended complaint, the Court will not apply the more lenient standards usually afforded to *pro se* litigants. If plaintiffs file an Amended Complaint that fails to comply with the Federal Rules of Civil Procedure, particularly FRCP 8(a) and 8(d), the plaintiffs' Amended Complaint may be dismissed pursuant to FRCP 41(b), with prejudice, without further leave to re-plead.

---

[4] The Court notes that, as currently drafted, plaintiffs' Complaint also fails to comply with FRCP 10(a) (requiring a caption in the title of the complaint naming all parties to the action). This requirement is not a mere procedural nicety. A complaint's caption "protect[s] the public's legitimate interest in knowing which disputes involving which parties are before the federal courts . . . ." Doe v. Indiana Black Expo, Inc., 923 F. Supp. 137, 139 (S.D. Ind. 1996). Here, plaintiffs have attached a caption containing the parties' names as an exhibit to their Complaint [Docket No. 1-1], which does not satisfy Rule 10(a) or achieve its intended purpose.

**SO ORDERED.**

Dated: April 2, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE