UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA SIEGEL BELANGER and  \*
DEVORA C. KAISER,  \*
 \*
    Plaintiffs,  \*
 \*
      v.  \*   Civil Action No. 15-cv-10198-ADB
 \*
BNY MELLON ASSET MANAGEMENT,  \*
LLC, et al.,  \*
 \*
    Defendants.  \*

## **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT**

May 27, 2015

BURROUGHS, D.J.

    Plaintiffs Lisa Siegel Belanger and Devora C. Kaiser ("Plaintiffs") filed their original Complaint in this action on February 12, 2015 [Docket No. 1]. The Complaint was 462 pages long, contained 2767 numbered paragraphs, and was accompanied by 393 separate exhibits. On April 2, 2015, the Court granted several defendants' motions to dismiss the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that any pleading "must contain . . . a short and plain statement of the claim," and Federal Rule of Civil Procedure 8(d)(1), which directs that "[e]ach allegation must be simple, concise, and direct." [ECF No. 86]. The Court dismissed the Complaint without prejudice and granted Plaintiffs leave to file an amended pleading in compliance with the Federal Rules of Civil Procedure. The Court further warned that if Plaintiffs filed a second non-compliant pleading, it may be subject to dismissal with prejudice.

    On April 23, 2015, Plaintiffs filed their Amended Complaint [ECF No. 95]. The Amended Complaint still spans an unwieldy 293 pages and contains thousands of paragraphs. In addition, Plaintiffs appear to have excised certain portions of their original Complaint, and re-

organized other sections, such that some paragraphs do not proceed in numbered order. The Amended Complaint also cites to exhibits that no longer exist. If anything, these changes have made it more difficult for the defendants and the Court to follow the facts alleged and understand the nature of the claims asserted.

On May 7, 2015, many defendants filed motions to dismiss the Amended Complaint,[1] for the primary reason that it fails to comply with the applicable pleading standards. The Court agrees. Although slightly shorter, the Amended Complaint is still in "rambling, discursive essay form," which makes it difficult to understand and respond to. Zuckerman v. McDonald's Corp., No. CIV. A. 95-30044-MAP, 1995 WL 631819, at *1 (D. Mass. Oct. 27, 1995). The purpose of a clear and succinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). The Amended Complaint does not meet this standard, and the Court finds that it would be overly burdensome, if not impossible, for the forty defendants in

---

[1] The Commonwealth of Massachusetts moved to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to comply with the Court's April 2, 2015 Order [ECF Nos. 98, 99]. In addition, many other defendants filed a joint Motion to Dismiss the Amended Complaint [ECF No. 97]. These defendants cite a number of grounds for their Motion, but they focus primarily on the Plaintiffs' failure to comply with the Federal Rules of Civil Procedure and the Court's April 2, 2015 Order. Because the Amended Complaint is not sufficiently comprehensible to evaluate the defendants' substantive defenses, the Court declines to rule on them at this time, but notes that defendants are free to renew their motions if Plaintiffs file an amended pleading. The moving defendants include James Feld, Maxa Berid, Berid & Schutzbank, Thomas Barbar, Tarlow Breed Hart & Rodgers, PC, Edward Tarlow, Esq., BNY Mellon Asset Management LLC, Albert DeNapoli, Esq., Catherine Watson, Esq., Kazarosian Costello & O'Donnell, LLP, Marsha V. Kazarosian, Esq., Walter A. Costello, Jr., Esq., Kenney Enterprises, RN Brenda Wojick, Peter W. Cohen, Laura Studen, Lisa Cukier, Burns & Levinson LLP, Michael Novack, Robert LeDoux, Cheri Myette, Brandon Saunders, Esq., Pierce & Mandell PC, Elder Services of Merrimack Valley Inc., Diane Powell, Scott Dailey, Michael Springman, Steward Merrimack Valley Hospital, Northeast Hospital Corporation d/b/a Beverly Hospital, Robert Portney, Brian Cuffe, Whittier Health Network d/b/a/ Whittier Pavilion, Alan Sidman, and Sheryl Sidman.

this case to parse the allegations and understand the nature of the claims against them. See Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc., C.A. No. 12-11121, 2014 WL 4656503, *5 (D. Mass. Aug. 5, 2014).

Plaintiffs filed an Opposition to the renewed motions to dismiss [ECF No. 105], insisting that the Amended Complaint (and their original Complaint) comply with all federal pleading standards. Plaintiffs argue that the length of a complaint is not dispositive, and they cite a number of cases in which lengthy complaints were allowed to stand. The Court agrees with Plaintiffs that length is not dispositive, but the Complaint (and now the Amended Complaint) are not being dismissed because of their length alone. More importantly, the Court finds that the Amended Complaint is still so prolix, discursive, and disorganized that it is insufficient to give each defendant clear notice of which claims pertain to it, and which alleged facts support those claims. A more concise and better-organized pleading, with sequentially numbered paragraphs, could help clarify the specific allegations against each defendant.

Therefore, although the Plaintiffs have been warned once already, the Court will indulge them with one final opportunity to file an amended pleading that sets forth a short and plain statement of their claims showing that Plaintiffs are entitled to relief. This pleading must comply with Rule 8(d)'s directive that each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). In this regard, the Court notes that Plaintiffs will need to do more than simply excise redundant paragraphs. Their pleading must be reformulated in such a way that it gives each defendant clear notice of the claim(s) against it, and provides a short and plain statement of the essential facts underlying those claims, with properly numbered paragraphs. The Court further suggests to Plaintiffs that this objective should be achievable in far fewer than 293 pages. For the foregoing reasons, the defendants' motions to dismiss Plaintiffs' Amended Complaint [ECF Nos.

97 & 98] are ALLOWED, and Plaintiffs' Amended Complaint [ECF No. 95] is hereby DISMISSED, without prejudice.[2] Plaintiffs may file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure within 14 days from the date of this Order. The Court warns that if Plaintiffs fail to comply with the pleading rules, their complaint will be dismissed again, with the Court unlikely to grant further leave to replead.

    **SO ORDERED.**

Dated: May 27, 2015

                                              /s/ Allison D. Burroughs
                                              ALLISON D. BURROUGHS
                                              DISTRICT JUDGE

---

[2] The parties' requests for oral argument on these motions are DENIED, as the Court finds that oral argument would not be of assistance in resolving the motions.